Maxx Phillips, HI Bar No. 10032
CENTER FOR BIOLOGICAL DIVERSITY
1188 Bishop Street, Suite 2001
Honolulu, HI 96813
Tel: (808) 284-0007
mphillips@biologicaldiversity.org

Emily Jeffers, CA Bar No. 274222*
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: (510) 844-7100
ejeffers@biologicaldiversity.org

Sarah Uhlemann, WA Bar No. 41164*
CENTER FOR BIOLOGICAL DIVERSITY
1037 NE 65th Street, #128
Seattle, WA 98115-6655
Tel: (206) 327-2344
suhlemann@biologicaldiversity.org

* Application for admission *pro hac vice* forthcoming
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| *Plaintiff*, | Case No. 1:23-cv-00306 |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| NATIONAL MARINE FISHERIES SERVICE; GINA RAIMONDO, U.S. Secretary of Commerce; JANET COIT, Assistant Administrator, NOAA Fisheries, | (Administrative Procedure Act, 5 U.S.C § 706) |
| *Defendants*. | |

## INTRODUCTION

1.      Coral reefs, among the most diverse and productive ecosystems on the planet, are quickly disappearing. Imperiled by a number of threats including habitat destruction, pollution, overharvest, disease, and ocean warming, scientists estimate that half of the world's coral reefs have already been lost and one-third of reef building coral species are at risk of extinction.

2.      Absent proactive measures, many coral species will disappear by the end of the century. Even with only 1.5°C of global warming, scientists predict that the majority (70-90%) of tropical coral reefs will be lost. At 2°C, 99% of these corals will disappear.

3.      In recognition of this threat, in 2009, the Center for Biological Diversity (Center) petitioned the National Marine Fisheries Service (NMFS) to list 83 species of coral as endangered or threatened under the Endangered Species Act (ESA), 16 U.S.C. §§ 1531-1544.  In 2014, NMFS published a final rule listing 20 of these coral species as threatened under the ESA, including five Caribbean coral species and 15 Indo-Pacific coral species. In the final rule, NMFS identified the nine most significant threats contributing to extinction risk for these species. NMFS found the "most important" threats were related to climate change, including ocean warming, disease, and ocean acidification but also identified collection and trade as a threat.

Complaint
*Center for Biological Diversity v. NMFS, et al.*                                                    1

However, NMFS did not extend these 20 listed coral species any substantive protections under the ESA, including from climate change or collection and trade.

4.      Congress passed the ESA in 1973 to affirm our nation's commitment to the conservation of threatened and endangered species and their habitat. Congress specifically gave "conservation" a sweeping definition – the use of all methods and procedures necessary to recover threatened and endangered species so that they no longer need the Act's protections. 16 U.S.C. § 1532(3).

5.      Once a species is listed as threatened under the ESA, the statute requires NMFS to take certain actions to conserve and recover the species.

6.      Among these actions, Section 4(d) of the ESA requires that NMFS "*shall* issue such regulations as [it] deems necessary and advisable to provide for the conservation of the species." 16 U.S.C. § 1533(d) (emphasis added). Section 4(d) also authorizes NMFS to extend the protections of Section 9 to threatened species, including a ban on the import and sale of listed species to and in the United States.

7.      In 2020, the Center petitioned NMFS to issue protective regulations pursuant to the Administrative Procedure Act, 5 U.S.C. § 553, and as authorized by Endangered Species Act Section 4(d), 16 U.S.C. § 1533(d), for the 20 listed threatened coral species.

8.      The petition highlighted the threats facing the 20 coral species, including well-documented threats from climate change, as well as threats from

collection and trade, particularly to the Indo-Pacific species. The Center requested that NMFS promulgate protective regulations needed for the survival and recovery of listed corals including by extending all prohibitions of ESA Section 9, which would include a ban on imports and sale of listed coral. In addition, the petition requested NMFS issue regulations addressing climate change and localized threats, such as dredging and land-based sources of pollution.

9.     NMFS denied the Center's petition on May 5, 2021, and the 20 coral remain listed under the ESA but without adequate federal protections.

10.     Under the Administrative Procedure Act, a reviewing court "shall . . . hold unlawful and set aside" agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

11.     NMFS has acknowledged that listed coral will not recover absent concerted conservation efforts with regards to both climate change and collection and trade. The Endangered Species Act requires NMFS to take action to protect and recover listed coral. NMFS's decision to deny the Center's petition and deny protective regulations to the listed coral species is arbitrary, capricious, and not in accordance with law. 5 U.S.C. § 706(2)(A).

12.     Accordingly, the Center seeks a declaration that NMFS's denial of the Center's petition was arbitrary and capricious and otherwise not in accordance with law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2). The Center

seeks an order remanding the denial of the Center's petition to NMFS for a new determination by a date certain.

## JURISDICTION AND VENUE

13.     This action arises under the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706.

14.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 (review of agency action under the Administrative Procedure Act) and 28 U.S.C. § 1331 (federal question).

15.     Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to the claim alleged in this complaint occurred in this judicial district.

## PARTIES

16.     Plaintiff the Center for Biological Diversity is a nonprofit corporation dedicated to the preservation of biodiversity, native species, and ecosystems. The Center's Oceans Program focuses specifically on conserving marine ecosystems and seeks to ensure that imperiled species are properly protected from destructive practices in our oceans. The Center's International Program works to protect global biodiversity by using U.S. and international law to hold governments accountable for threatening imperiled species wherever they are found and to ensure that the substantial U.S. wildlife market does not push species toward extinction. In pursuit

of this mission, the Center has worked extensively to protect ocean ecosystems, including coral reefs, nationwide and internationally, from various threats including ocean acidification and habitat destruction as well as seeking protections for marine and foreign species including from wildlife trade.

17.     The Center currently has more than 90,000 members and more than 1.7 million online supporters. Center members and staff visit and observe, or seek to observe, research, study, and seek protection for the listed corals in the Indo-Pacific and Caribbean.

18.     The Center's members derive recreational, scientific, professional, aesthetic, spiritual, and ethical interests in the listed corals and their habitats. Center members regularly visit listed coral species habitat for research, snorkeling, swimming, aesthetic enjoyment, observation, photography, fishing, and other recreational, scientific, and educational activities and intend to continue doing so in the future. The conservation and recovery of the listed corals is important to the Center's members' interests.

19.     As a result of NMFS's denial of and failure to promulgate protective regulations for coral species, these corals are lacking vital protections that are necessary for survival and recovery. For example, absent a ban on import, listed coral species in the Indo-Pacific continue to be harvested for sale to consumers in the United States, contributing to population decline. And without additional

protections from the effects of climate change, all 20 threatened corals will continue to suffer from bleaching and succumb to disease outbreaks as a result of rising temperatures.

20.    The Center's members are injured by NMFS's denial of protective regulations, which prevents the implementation of significant protections for the corals, facilitates the degradation and destruction of their habitat in locations where Center members go to observe and enjoy these corals, and harms these corals' survival and recovery. As such, Plaintiff's members' interests in continuing to view, observe, study, and enjoy the corals are harmed. As these species continue to decline without the petitioned protections, it will become increasingly difficult for members to view, observe, and enjoy the species, lessening their enjoyment of the species and their habitat.

21.    Center members have concrete plans to visit habitat for both the Caribbean and Indo-Pacific corals to continue enjoying and observing the corals.

22.    For example, one Center member, a diver, snorkeler, and avid wildlife watcher, recently returned from a trip to Indonesia and Singapore in June 2023, his third trip to the region. During these trips, this member has visited both Borneo and West Papua to observe rare and interesting species. On each of his trips he has viewed and attempted to identify listed corals. The member has concrete plans to

return to Indonesia in the summer of 2025 and will dive, observe coral, and attempt to identify coral species, including listed Indo-Pacific corals.

23.     Another member regularly snorkels to view corals and has concrete plans to visit habitat of the listed Caribbean corals to observe the species. This member's aesthetic enjoyment of coral reefs is diminished when she sees coral reefs harmed by bleaching events that protective measures instituted by Defendants could help address. Another member, a conservation scientist who monitors coral reefs throughout the Caribbean, enjoys scuba diving, snorkeling, and attempting to identify listed Caribbean coral species. He has concrete plans to return to the habitat of listed Caribbean coral species and is severely distressed that the imperiled coral he attempts to see in the wild are declining due to the effects of climate change, disease, overfishing, and local pollution.

24.     These aesthetic, recreational, scientific, conservation, and emotional harms are actual, concrete injuries suffered by Plaintiff and its members. Plaintiff brings this action on behalf of itself and its members. Plaintiff and its members' injuries are directly traceable to NMFS's unlawful denial of Plaintiff's petition for protective regulations for listed corals. The Endangered Species Act requires NMFS to issue protective regulations necessary and advisable for the conservation of the species, to ensure the species not only survives but recovers to the point where protections are unnecessary. NMFS's denial of Plaintiff's petition to promulgate

protective regulations for listed coral inhibits the conservation and recovery of the listed species and decreases Plaintiff's members' ability to research, view, and enjoy the affected species.

25.     Plaintiff's and Plaintiff's members' injuries can be redressed by the declaratory and other relief sought herein. An order remanding the denial of the Center's petition to NMFS for a new determination that complies with the requirements of the Administrative Procedure Act would redress these injuries by requiring Defendants to reconsider protecting the corals from extinction so the Center and its members can continue to pursue their educational, scientific, recreational, aesthetic, and spiritual interests in the corals and enjoy them and their habitats. The Center and its members have no other adequate remedy at law.

26.     Defendant NATIONAL MARINE FISHERIES SERVICE is an agency within the Department of Commerce and is sometimes referred to as NOAA Fisheries. The National Marine Fisheries Service is the agency to which the Secretary of Commerce has delegated the authority to conserve endangered and threatened marine and anadromous species under the Endangered Species Act, including the coral species at issue.

27.     Defendant GINA RAIMONDO, U.S. Secretary of Commerce, is the highest ranking official within the Department of Commerce and, in that capacity, has responsibility for administration and implementation of the Endangered Species

Act and for compliance with all other federal laws applicable to the Department of Commerce. She is sued in her official capacity.

28.     Defendant JANET COIT is the Assistant Administrator for Fisheries at the National Oceanic Atmospheric Administration. As Assistant Administrator, Defendant Coit is the federal official responsible for implementing and enforcing the Endangered Species Act and its regulations, including promulgation of protective regulations under Section 4(d), and for complying with all other federal laws applicable to the agency. She is sued in her official capacity.

**LEGAL BACKGROUND**

**A.     The Endangered Species Act**

29.     The Endangered Species Act "represent[s] the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. Accordingly, the Act's purpose is to "provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

30.     Under the Endangered Species Act, conservation means "to use and the use of all methods and procedures which are necessary to bring any endangered

species or threatened species to the point at which the measures provided pursuant to this chapter are no longer necessary." 16 U.S.C. § 1532(3). The goal of the Act is therefore not to maintain a species on life support but to recover the species such that it no longer requires the statute's protections.

31.    To that end, the Endangered Species Act requires NMFS to protect imperiled, marine species by listing them as "endangered" or "threatened." 16 U.S.C. § 1533(a)(1). A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

32.    Once a species is listed, it receives procedural and substantive protections designed to prevent its extinction and aid its recovery.

33.    Section 9 prohibits the "take" of listed endangered fish and wildlife species, including the import and sale of listed species in the United States. 16 U.S.C. 1538(a)(1).

34.    The prohibitions of Section 9 apply automatically to endangered species. For threatened species, Section 4(d) mandates that "the Secretary *shall* issue such regulations as [s]he deems necessary and advisable to provide for the conservation of [the threatened] species." 16 U.S.C. § 1533(d) (emphasis added). This duty is mandatory per the plain language of the statute. Section 4(d) also

authorizes NMFS to extend Section 9's restrictions to threatened species. *Id.* § 1533(d).

**B.      The Administrative Procedure Act**

35.      Under the Administrative Procedure Act, all interested persons have the right to petition for the "issuance, amendment, or repeal" of an agency rule. 5 U.S.C. § 553(e). Agencies must respond to petitions for rulemaking in a timely manner and provide a rationale for any petition denial. *Id.* § 555(e).

36.      The Administrative Procedure Act allows for judicial review of agency actions, including denials of rulemaking petitions. 5 U.S.C. § 702.

37.      Under the Administrative Procedure Act, a reviewing court "shall . . . hold unlawful and set aside" agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

## FACTUAL AND PROCEDURAL BACKGROUND

**A.      Corals in Crisis**

38.      Coral reefs are the most biodiverse ecosystems on Earth, supporting an estimated one-third of described marine species, although they comprise only 0.2% of ocean area. The primary architects of reefs are coral animals. Reefs are built over centuries or millennia as thousands of individual coral animals settle on new substrate or the reef structure that develops from it, grow, reproduce, and die. Many

coral species commingle in reef communities, and each individual ultimately contributes its own skeletal material to the reef structure.

39.    Coral reefs protect coastlines against erosion from storms and act as a barrier to sea-level rise. Coral reefs also support fisheries and businesses through tourism and recreation. NMFS estimates the commercial value of U.S. fisheries from coral reefs is over $100 million.

40.    Coral communities rely on narrow ranges of conditions to fend off competition from algae and survive predation. Disruptions in this dynamically balanced system can result in rapid coral mortality across the reef, with a resultant shift from healthy reef ecosystem to an algae-dominated system and, eventually, to a completely barren state.

41.    Corals are rapidly succumbing to the synergistic effects of unsustainable direct human pressures and climate-associated stressors. Indeed, corals and coral reef ecosystems are in crisis.

42.    NMFS acknowledges that corals worldwide are under a barrage of threats to their survival. NMFS has identified nine threats considered to be the most significant to coral survival: ocean warming, disease, ocean acidification, overfishing, sedimentation, nutrient pollution, sea-level rise, predation, and collection and trade. The best available science demonstrates that without immediate action, these threats will continue and will likely cause a precipitous decline in the

Caribbean and Indo-Pacific corals listed under the Endangered Species Act. The best available science demonstrates that without immediate action to curb these threats, these species will disappear from most of the places they currently live within the foreseeable future.

**B.      Endangered Species Act Listing**

43.     In 2009, the Center submitted a formal petition, based on the best scientific studies available, to list 83 reef-building corals as threatened or endangered under the Endangered Species Act.

44.     In September 2014, NMFS published its final rule listing 20 of the petitioned coral species as threatened under the Endangered Species Act. 79 Fed. Reg. 53,851 (Sept. 10, 2014).

45.     Of the 20 listed corals, 15 of the listed species occur in the Indo-Pacific and five in the Caribbean.

46.     The five listed species in the Caribbean are *Dendrogyra cylindrus* (Pillar coral), *Orbicella annularis* (Lobed star coral), *Orbicella faveolata* (Mountainous star coral), *Orbicella franksi* (Boulder star coral), and *Mycetophyllia ferox* (Rough cactus coral).

47.     The 15 listed corals in the Indo-Pacific are *Acropora globiceps*, *Acropora jacquelineae*, *Acropora lokani*, *Acropora pharaonis*, *Acropora retusa*, *Acropora rudis*, *Acropora speciosa*, *Acropora tenella*, *Anacropora spinosa*,

*Euphyllia paradivisa*, *Isopora crateriformis*, *Montipora australiensis*, *Pavona diffluens*, *Porites napopora*, and *Seriatopora aculeata*. None have common names.

48.    NMFS determined in its final listing rule that climate change underlies three primary, existential threats facing these 20 coral species: ocean warming, disease, and ocean acidification. Climate change threatens corals through elevated temperatures, which lead to bleaching events and the spread of coral disease, as well as through ocean acidification, which reduces larval survival and impedes reef formation and maintenance. 79 Fed. Reg. at 53,890-96.

49.    Other threats NMFS identified in the final listing rule as significant to the current and future extinction risk of these corals are trophic effects of fishing, sedimentation, nutrients, sea-level rise, predation, and collection and trade. Regarding collection and trade, NMFS acknowledged that "[t]he imports of live corals taken directly from coral reefs . . . increased by 600 percent between 1988 and 2007, while the global trade in live coral increased by nearly 1,500 percent. Harvest of stony corals is usually highly destructive, and results in removing and discarding large amounts of live coral that go unsold and damaging reef habitats around live corals." 79 Fed. Reg. at 53,901.

50.    Almost 10 years since the listing rule was issued, NMFS has not proposed recovery plans for the threatened corals, as required by the Act.

### C.     The Center's 4(d) Petition for Coral Protections

51.     In 2020, the Center petitioned NMFS to issue protective regulations pursuant to Section 4(d) of the Endangered Species Act, 16 U.S.C. § 1533(d), for the 20 threatened coral species. Specifically, the Center urged NMFS to promulgate protective regulations needed for the survival and recovery of the listed corals, including by extending all prohibitions of ESA Section 9 (with limited exceptions to promote science and restoration as provided in ESA Section 10).

52.     NMFS has acknowledged that current policies and regulations are insufficient to conserve listed coral. NMFS noted in the 2015 Recovery Plan for two other corals (elkhorn and staghorn coral) that coral recovery will require "uniform policies and regulations across their entire geographic ranges," a reduction in atmospheric carbon dioxide concentrations, and comprehensive regulations to reduce regional threats (*e.g.*, improved design and enforcement of fishing regulations, marine protected area designation, wastewater treatment, and land use plans protective of coral reefs).

53.     The Center's 4(d) petition highlighted the threats to the 20 listed coral species, particularly from climate change and trade.

54.     As recognized by NMFS in the final listing rule, one of the primary threats to all listed coral species posed by climate change is elevated ocean temperature. The Center's petition sought provisions that are necessary and

advisable to protect corals from climate change. It is undisputed that immediate and rapid greenhouse gas reductions are essential to stopping the trend toward coral extinction and ensuring the listed species' recovery. Additionally, the Center's petition sought protective measures to address existential local threats including, but not limited to, disease, habitat degradation, fishing, and water pollution.

55.    The Center also documented how collection and associated trade in stony corals threatens the listed coral species, particularly the Indo-Pacific species. Harvest of stony corals is highly destructive, resulting in the direct removal of large amounts of live coral, discarding of unwanted coral, and damaging reef habitats around the live coral.

56.    The United States is the world's major importer of corals, importing approximately 90 percent of all stony coral documented in trade.

57.    Recognizing the threat that extraction poses to coral reefs, numerous coral range nations have prohibited harvest and trade in corals, and extraction of corals is highly restricted within the United States; for example, collection is illegal in Hawaii.

58.    In listing elkhorn and staghorn coral (species listed separately and not addressed in Plaintiff's petition), NMFS extended Section 9 prohibitions to the species. 73 Fed. Reg. 64,264 (Oct. 29, 2008). While NMFS recognized in its listing rule that "overharvest d[id] not appear to be a significant threat" to these species, 71

Fed. Reg. 26,852, 26,858 (May 9, 2006), NMFS banned take, import, and sale because managing "lesser stressors . . . will contribute to the [species'] conservation . . . by slowing the rate of decline and reducing the synergistic effects of multiple stressors." 73 Fed. Reg. at 64,270.

59.     Trade remains a threat to ESA-listed corals. Many of the 20 coral species (particularly the Indo-Pacific corals) are in trade, which the agency admits can "contribute to individual species' extinction risk." 79 Fed. Reg. at 53,901.

60.     Because collection and trade pose a threat to the continued existence of the corals, the Center's 4(d) petition sought to extend the protections of Section 9 to the listed coral species.

61.     Plaintiff's petition also explained how extending Section 9 prohibitions would also benefit corals from threats beyond collection and trade. By prohibiting take of corals, NMFS could ensure that private and state-sanctioned activities such as water pollution, development, and destructive fishing practices do not result in injury or death to listed coral species.

**D.     NMFS's Denial of Protective Regulations**

62.     NMFS denied the Center's 4(d) petition on May 5, 2021. In doing so, NMFS did not dispute that it has the legal authority under section 4(d) to extend the safeguards of ESA Section 9 to the coral species at issue.

63.    Regarding 4(d) rules addressing climate change and localized threats, NMFS asserted that such rules would "have limited effectiveness in addressing these threats or meaningfully furthering the conservation of these species." NMFS, however, has previously acknowledged that climate change is a major threat to listed corals and emissions reductions are needed to achieve the conditions necessary for coral recovery. In its denial, NMFS failed to address why it believes reducing greenhouse gases or otherwise mitigating climate change and subjecting habitat degrading activities to ESA liability would provide limited conservation benefit for listed corals.

64.    On collection and trade, NMFS asserted that this was a "low-level" threat and that Section 9 prohibitions were unnecessary. However, NMFS failed to address the evidence presented by Plaintiff that collection harms corals, may threaten extinction of some coral species, and has negative synergistic effects on corals in conjunction with other threats, and also failed to reconcile its refusal to adopt protective regulations with its prior, contrary decision regarding other similarly situated coral species.

65.    For the 15 Indo-Pacific listed corals, NMFS asserted that species are difficult to identify "and thus are easily confused with a large number of similar, unlisted species," and take prohibitions would frustrate enforcement activities. However, NMFS failed to take into account that the Convention on International

Trade in Endangered Species (CITES) already requires species-level identification upon importation of two of the listed species. NMFS also failed to take into account that the agency issued its Field Identification Guide to the Threatened Corals of the U.S. Pacific Islands because, while "[m]any Indo-Pacific corals are quite difficult to identify to species, . . . identification is necessary for implementation of the [species' ESA] listings." NMFS, *Field Identification Guide to the Threatened Corals of the U.S. Pacific Islands*.  https://www.coris.noaa.gov/activities/Corals_FieldID/.

## CLAIMS FOR RELIEF

### Claim 1

(Violations of the Administrative Procedure Act)

66.    Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint.

67.    The Administrative Procedure Act mandates that a reviewing court hold unlawful and set aside agency action found to be arbitrary, capricious, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A).

68.    NMFS's denial of the Center's petition requesting protective regulations for 20 listed coral species is arbitrary and capricious and not in accordance with law, in violation of the Administrative Procedure Act. 5 U.S.C. § 706(2)(A).

69.     NMFS's denial of the Center's petition requesting protective regulations for 20 species of listed coral failed to consider important aspects of the problem and offered an explanation that runs counter to the evidence before it. Record evidence shows climate change, local stressors, and collection and trade harm corals and threaten extinction of some coral species, and protective regulations would ameliorate those threats.

70.     NMFS's denial of the Center's 4(d) petition for protective regulations to address climate change is arbitrary and capricious and a violation of law. NMFS acknowledges that the primary threat to the listed corals is climate change. 79 Fed. Reg. at 53,890-96. The robust body of scientific research provided in the petition clearly demonstrates that protecting the listed corals from extinction and ensuring their recovery requires that the United States adopt greenhouse gas mitigation regulations significantly stronger than those currently in force or proposed. NMFS's denial of 4(d) protections to address this primary threat is arbitrary and capricious and is contrary to law and violates the Administrative Procedure Act. 5 U.S.C. § 706(2)(A).

71.     NMFS's refusal to extend Section 9 protections to corals, including a ban on import and sale, is arbitrary and capricious and a violation of law. Record evidence demonstrates that collection of listed corals is highly destructive, contributes to the extinction of some species, and should be addressed. NMFS's 4(d)

denial also arbitrarily disregards its previous decision to extend Section 9 protections for elkhorn and staghorn coral despite a lack of trade in those species. NMFS's refusal to adopt Section 4(d) protections to address this threat is arbitrary and capricious and is contrary to law and violates the Administrative Procedure Act. 5 U.S.C. § 706(2)(A).

72.    NMFS refusal to extend Section 9 protections to corals to regulate local stressors including habitat degrading activities, fishing, disease risks, and water pollution is also arbitrary and capricious and a violation of law. These local stressors threaten corals and act in conjunction with other threats to imperil coral and curtail their recovery. NMFS's refusal to adopt Section 4(d) protections to address this threat is arbitrary and capricious and is contrary to law and violates the Administrative Procedure Act. 5 U.S.C. § 706(2)(A).

73.    NMFS has the authority under ESA Section 4(d) to extend the protections afforded by the take prohibition in Section 9 to the threatened coral species, and NMFS "shall" issue such protective regulations as are "necessary and advisable to provide for the conservation of the species." 16 U.S.C. § 1533(d). Plaintiff's rulemaking petition presented extensive evidence, much obtained from NMFS itself, that protective regulations are in fact "necessary and advisable to provide for the conservation"—i.e., recovery—of the coral species. Consequently,

NMFS's denial of the petition notwithstanding such evidence is not "in accordance with" law and hence violative of the APA. 5 U.S.C. § 706(2)(A).

## REQUEST FOR RELIEF

For the reasons listed above, Plaintiff respectively requests that the Court grant the following relief:

1. A declaration that NMFS violated its duties under the Administrative Procedure Act and acted in a manner that is arbitrary, capricious, or otherwise not in accordance with law in denying the Center's 4(d) petition;

2. An order remanding the denial of the Center's petition to NMFS for a new determination on the petition that complies with the requirements of the Administrative Procedure Act by a date certain; and

3. Award Plaintiff its costs of litigation, including reasonable attorneys' fees as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412; and

4. Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted this 26th day of July, 2023.

_s/ Maxx Phillips_

Maxx Phillips (HI Bar No. 10032)
CENTER FOR BIOLOGICAL DIVERSITY
1188 Bishop Street, Suite 2001
Honolulu, HI 96813
Tel: (808) 284-0007
mphillips@biologicaldiversity.org

Complaint
_Center for Biological Diversity v. NMFS, et al._                                          22

Emily Jeffers, Ca. Bar No. 274222*
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: (510) 844-7100
ejeffers@biologicaldiversity.org

Sarah Uhlemann, WA Bar No. 41164*
CENTER FOR BIOLOGICAL DIVERSITY
1037 NE 65th Street, #128
Seattle, WA 98115-6655
Tel: (206) 327-2344
suhlemann@biologicaldiversity.org

* Application for admission *pro hac vice* forthcoming

*Attorneys for Plaintiff*